UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE ENVY, LLC, | § | No. 5:14-CV-83-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| INFINITE CLASSIC INC. and BAEK H. KIM, | § | |
| | § | |
| | § | |
| Defendants. | § | |

ORDER (1) GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT, (2) VACATING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION AS MOOT, AND (3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is a Motion for Default Judgment filed by Plaintiff Jane Envy, LLC ("Plaintiff") (Dkt. # 6). Also before the Court is a Motion to Set Aside Clerk's Entry of Default (Dkt. # 18) and Objections to Magistrate Judge's Memorandum and Recommendation (Dkt. # 16) filed by Defendants Infinite Classic Inc. and Baek H. Kim (collectively, "Defendants"). Plaintiff filed a Response in Opposition to Defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. # 20) and a Response to Defendants' Objections to Memorandum and Recommendations (Dkt. # 21). The Court held a hearing on the Motions on December 22, 2014. At the hearing, Jason W. Whitney, Esq., represented Plaintiff,

1

and Andrew S. Langsam, Esq., represented Defendants.  Upon careful consideration of the arguments asserted at the hearing and in the supporting and opposing memoranda, the Court **GRANTS** Defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. # 18), **VACATES AS MOOT** the Magistrate Judge's Memorandum and Recommendation (Dkt. # 21), and **DENIES** Plaintiff's Motion for Default Judgment (Dkt. # 6).

## BACKGROUND

Plaintiff is a Texas limited liability company that designs and sells costume jewelry to wholesalers, distributors, and large retail chains.  (Compl., Dkt. # 1 ¶¶ 2, 11.)  Defendant Infinite Classic Inc. is a New York corporation that designs, imports, manufactures, and sells costume jewelry.  (Kim Decl., Dkt. # 18-1 ¶ 3.)  Defendant Baek H. Kim is the CEO and sole owner of Infinite Classic Inc. (Id. ¶ 2.)

On January 23, 2014, Plaintiff filed a Complaint alleging that products sold by Defendants infringed upon three copyright registrations and a pending copyright application held by Plaintiff.  (Compl., Dkt. # 1 ¶¶ 20–51.)  Counsel for Plaintiff communicated with Matthew Jeon, who was acting as counsel for Defendants, to request that Defendants waive service of summons, and Mr. Jeon agreed to do so.  (Resp. to Mot., Dkt. # 20 at 2; id., Dkt # 20-1, Ex. B, Ex. C.)  A waiver of summons form was sent by Plaintiff's counsel to Mr. Jeon on February

7, 2014.  (Id., Dkt. # 20-1, Ex. C).  After counsel for Plaintiff wrote to Mr. Jeon on April 1 and April 8 inquiring about Defendants' failure to complete the waiver of summons and advising that Plaintiff would begin the process of seeking a default judgment absent return of the waiver, Mr. Jeon waived summons on behalf of Defendants on April 11, 2014.  (Id., Dkt. # 20-1, Ex. D; Dkt. # 3.)

Defendants subsequently failed to answer, and Plaintiff requested that the Clerk of Court enter a Default.  (Dkt. # 4.)  The Clerk did so on May 19, 2014.  (Dkt. # 5.)  On July 11, 2014, Plaintiff moved for default judgment against Defendants.  (Dkt. # 6.)  This Court referred Plaintiff's Motion for Default Judgment to Magistrate Judge Primomo, who issued a Memorandum and Recommendation on the Motion on August 27, 2014.  (Dkt. # 10.)

Defendants state that they failed to answer because they relied on the representations of Mr. Jeon, who had capably represented Defendants in the past, that he would be representing them in this case and had taken steps to obtain local counsel to assist in the defense.  (Kim Decl., Dkt. # 18-1 ¶¶ 8–9.)  In Mr. Jeon's Declaration, he states that after waiving summons on April 11, 2014, he contacted a partner in the law firm Wong Fleming, with whom Mr. Jeon shares office space, to request that a member of that firm's Texas office serve as local counsel in this matter.  (Jeon Decl., Dkt. # 18-1 ¶ 8.)  Mr. Jeon did not hear back regarding his request and did not follow up with the partner.  (Id. ¶ 8–9.)  Mr. Jeon, believing

3

that the matter was being handled by Wong Fleming, took no further action, and "only remembered about this case" when he was served with a copy of Judge Primomo's Memorandum and Recommendation on September 3, 2014.  (Id. ¶¶ 10–12.)

Defendants, through local counsel, moved for an extension of time to file objections to the Magistrate Judge's Memorandum and Recommendation on September 15, 2014.  (Dkt. # 14.)  Present counsel for Defendants moved to appear pro hac vice on September 16, 2014.  (Dkt. # 15.)  On October 6, 2014, Defendants filed their Motion to Set Aside Entry of Default (Dkt. # 18) and Objections to Memorandum and Recommendation (Dkt. # 16).

## DISCUSSION

I.    Motion to Set Aside Entry of Default

A district court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  The decision to set aside an entry of default is committed to the sound discretion of the district court.  In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992).  The determination of good cause is made in light of the principle that default judgments are disfavored as a matter of law.  Id. ("[C]ourts universally favor trial on the merits." (internal quotation marks omitted)); United States v. One Parcel of Real Prop., 763 F.2d 181, 183 (5th Cir. 1985) (noting that "modern federal procedure favors trial on the merits").  As a result, "where there are no

intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial on the merits." In re OCA, Inc., 551 F.3d 359, 371 (5th Cir. 2008).

"Although a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." One Parcel of Real Prop., 763 F.2d at 183. "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." In re Chinese-Manufactured Drywall Prod. Liab. Litig., 753 F.3d 521, 544–45 (5th Cir. 2014) (quoting One Parcel of Real Prop., 763 F.2d at 183). These factors are not exclusive, and courts have also considered "whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." Id. at 545 (quoting In re OCA, Inc., 551 F.3d at 369). The Court will discuss each of these factors in turn.

    A.    Willfulness

First, there is no indication that Defendants' failure to act was willful. Defendants relied on the representations of their counsel Mr. Jeon, who had competently represented Defendants in past matters, that Mr. Jeon was

representing them in this case and had already taken steps to do so. (Kim Decl., Dkt # 18-1 ¶¶ 8–9.) Mr. Jeon, for his part, appears to have forgotten about the case following his inept attempt to secure local counsel. (Jeon Decl., Dkt. # 18-1 ¶ 10.) While Mr. Jeon's failure to diligently represent his clients is deplorable, there is no indication that Defendants intentionally failed to respond to this litigation.

Plaintiff argues that the Mr. Jeon's incorrect statement of the time period in which he learned of Plaintiff's claims raises "doubts about the veracity of the declarations as a whole" and thus cannot be used to show Defendants' lack of willfulness. (Resp. to Mot., Dkt. # 20 at 3.) Mr. Jeon states that he first learned of Plaintiff's suit in March 2014, while the parties' correspondence shows that he had communicated with Plaintiff's counsel about the suit two months earlier. (Jeon Decl., Dkt. # 18-1 ¶ 5; Resp. to Mot., Dkt. # 20, Ex. B.) The Court views this discrepancy as merely another indication of Mr. Jeon's lack of diligence; in any event, the misstatement of when he learned of the suit does not call into question Defendants' reliance on his statements that he was diligently representing them in it. Because Defendants' failure to respond was not willful, this factor weighs in favor of setting aside the entry of default.

B.   <u>Prejudice to Plaintiff</u>

Second, there is no showing that setting aside the entry of default will prejudice Plaintiff. "There is no prejudice to the plaintiff where the setting aside of

the default has done no harm to plaintiff except to require it to prove its case," or has resulted in "mere delay." Lacy v. Sitel Corp, 227 F.3d 290, 293 (5th Cir. 2000) (internal quotation marks omitted). To show prejudice, Plaintiff "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion." Id.

Plaintiff argues that it has been prejudiced by the cost of seeking the entry of default and a default judgment and responding to Defendants' filings at issue here. (Resp. to Mot., Dkt. # 20 at 4–5.) Plaintiff cites no law to support the proposition that such costs are cognizable as prejudice in the determination of whether to set aside an entry of default, and the Court has found none.[1] Plaintiff's speculation that evidence may have been lost due to Defendants' delay in responding is likewise insufficient to support a finding of prejudice. Plaintiff has not shown it will be prejudiced by setting aside the entry of default, and this factor thus also weighs in favor of setting aside the entry of default.

---

[1] The Court notes that if the costs of pursuing a default judgment constituted prejudice to Plaintiff in the determination of whether to set aside an entry of default, this factor would inherently weigh against a finding of good cause under Fed. R. Civ. P. 55(c). Given the strong preference for trial on the merits, the Court does not believe that the Fifth Circuit intended to tip the scales against setting aside an entry of default in this manner. See One Parcel of Real Prop., 763 F.2d at 183; Lacy v. Sitel Corp, 227 F.3d at 293.

C. <u>Meritorious Defense</u>

Third, the Court finds that Defendants have presented meritorious defenses to Plaintiff's claims. "In determining whether a meritorious defense exists, the underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." <u>In re OCA, Inc.</u>, 551 F.3d 359, 373 (5th Cir. 2008) (alteration in original) (internal quotation marks omitted).

Defendants submit that Plaintiff's works are insufficiently original to warrant copyright protection because they are comprised of familiar symbols and geometric shapes. (Mot., Dkt. # 18 ¶ 30.) Defendants further argue that to the extent Plaintiff's works are entitled to copyright protection, the protection is "thin" because the works consist of familiar symbols and shapes that are not themselves entitled to copyright protection. (<u>Id.</u> ¶ 43.) Such copyrights only protect against "very close copying," and Defendants argue that their products do not meet that standard. (<u>Id.</u> ¶¶ 44–45.) Finally, Defendants argue that the similarities between Defendants' products and Plaintiff's copyrights are limited to the elements of Plaintiff's copyrights that are not entitled to protection. (<u>Id.</u> ¶ 46.)

The Copyright Act protects "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with

the aid of a machine or device." 17 U.S.C. § 102(a). "To qualify for copyright protection, a work must be original to the author" and must possess "at least some minimal degree of creativity." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 347 (1991). The copyright protection is limited to those aspects of the work "that display the stamp of the author's originality," and does not extend to the non-original elements of the work. Kepner-Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 533 (5th Cir. 1994).

Familiar symbols and designs are not copyrightable. 37 C.F.R. § 202.1(a). The Copyright Office has specified that such symbols and designs include familiar religious symbols such as crosses, common representational symbols such as hearts or stars, and geometric shapes. U.S. Copyright Office, Compendium of U.S. Copyright Practices § 314.4(J) (3d ed. 2014) (draft).[2]

Here, the copyrights claimed by Plaintiff consist of jewelry that incorporates crosses in different forms, beads, and the infinity symbol. (Compl., Dkt. # 1 ¶ 18.) Given the form of the claimed works, the Court cannot find from

---

[2] The policies in the Compendium do not have the force of law, but may be referred to as persuasive authority representing the legal determinations of the Copyright Office. See Rogers v. Better Bus. Bureau of Metro. Houston, Inc., 887 F. Supp. 2d 722, 732 (S.D. Tex. 2012) (citing Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 449 n.9 (2003) (noting that the EEOC's Compliance Manual, while not controlling, "may constitute a 'body of experience and informed judgment' to which we may resort for guidance")). The third edition of the Compendium, currently in draft form, is scheduled to be finalized and take effect "on or around December 15, 2014." Public Draft of the Compendium of U.S. Copyright Office Practices, 79 Fed. Reg. 49343, 49344 (August 20, 2014).

the current record that there is not "some possibility" that Plaintiff's works are not copyrightable or that the similarities in Defendants' products are limited to those portions of Plaintiff's works that are not accorded copyright protection. Defendants have thus presented a meritorious defense to Plaintiff's infringement claims.

Plaintiff's argument that Defendants have not presented a meritorious defense because they have not provided definite factual allegations with supporting record evidence is unpersuasive. Plaintiff cites Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 122 (5th Cir. 2008), for the proposition that a "motion to set aside should provide definite factual allegations with supporting record evidence." (Resp. to Mot., Dkt. # 20 at 5.) In Jenkens, the Fifth Circuit found that the defendant had presented a meritorious defense where she had provided "definite factual allegations with supporting record evidence," and referred to a 1969 decision in which the Fifth Circuit stated that a defendant must make "a clear and specific showing . . . by [a] definite recitation of facts" that that the defendant has a valid defense. Jenkens, 542 F.3d at 122 (alteration in original) (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

The Court first notes that both of these Fifth Circuit decisions dealt with a defendant seeking relief from a default judgment under Fed. R. Civ. P. 60(b), not relief from an entry of default under Fed. R. Civ. P. 55(c). Because "the

standard for setting aside a default decree is less rigorous than setting aside" a default judgment, One Parcel of Real Prop., 763 F.2d at 183, and because a motion to set aside an entry of default "is more readily granted than a motion to set aside a default judgment," In re Dierschke, 975 F.2d 181, 184 (5th Cir. 1992), it is not clear that the need for "a specific showing by a definite recitation of facts" applies when seeking to set aside an entry of default.[3]

      The Court is further satisfied that here, Defendants have presented factual allegations that are sufficiently definite and supported by the record. Defendants allege that "all of Plaintiff's twelve allegedly infringed designs are made up of uncopyrightable elements, primarily Christian religious crosses but also including some common geometric shapes and other familiar symbols," and cite certain specific designs as examples of its allegations of patent invalidity and noninfringement. (Mot., Dkt. # 18 ¶¶ 32, 45, 48.) Pictures of all of Plaintiff's claimed designs appear in the Plaintiff's Complaint. (Compl., Dkt. # 1 ¶ 18.) Because Defendants' defense is based on the fact, supported in the record, that

---

[3] Indeed, the Fifth Circuit in Moldwood Corp. specifically tied this requirement to the context of obtaining relief from default judgment. Moldwood Corp., 410 F.2d at 352 ("It is universally recognized as an essential to the obtaining of relief from a default judgment entered with jurisdiction that there should appear in the motion a clear and specific statement showing, not by conclusion, but by definite recitation of facts, that an injustice has probably been done by the judgment . . . ." (emphasis added)).

Plaintiff's claimed designs include familiar shapes and symbols, its showing here is sufficient to present a meritorious defense.

    D.    <u>Significant Financial Loss to Defendant</u>

With regard to the fourth factor, there is not enough evidence to determine whether an entry of default would result in a significant financial loss to Defendants. Plaintiff's Motion for Default Judgment requests $288,000 in statutory damages, (Dkt. # 6), and Magistrate Judge Primomo's Memorandum and Recommendation recommends that Plaintiff be awarded a default judgment of $152,672.71 in statutory damages, costs, and attorneys' fees. (Dkt. # 10 at 9.) Defendants have submitted evidence that revenue from allegedly infringing sales amounts to $37,809, of which $17,730.42 is profit. (Mot., Dkt. # 18-1, Ex. B, Ex. E ¶ 5.) While the range of possible financial loss is certainly significant relative to the amount of profit from allegedly infringing sales, Defendants have not submitted any other financial information that might allow for a determination of whether the damages that would be awarded to Plaintiff in a default judgment is significant to Defendants' business as a whole.[4] This factor thus weighs neither for nor against setting aside the entry of default.

---

[4] The Court further notes that the Fifth Circuit precedents cited by Defendants found the stated losses to be significant with respect to individuals, not a corporation. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 403 (5th Cir. 1981) (finding a $250,000 loss significant with respect to two individuals); In re OCA, Inc., 551 F.3d 359, 374 (5th Cir. 2008) (finding a loss of "several hundred

E.   Action to Expeditiously Correct Default

With regard to the fifth factor, Defendants have acted expeditiously to correct the default. After Defendants discovered on September 3, 2014 that an entry of default had been entered in the case, they sought new counsel and formally retained present counsel on September 16, 2014. (Kim Decl., Dkt. # 18-1 ¶ 15.) New counsel was not obtained sooner in part because Mr. Jeon first sought to retain partners in Wong Fleming's local office, who declined to take the case. (Jeon Decl., Dkt. # 18-1 ¶ 13.) Before finalizing present counsel's formal retainer, Defendants filed a motion through local counsel to extend time to file objections to the Magistrate's Memorandum and Recommendation on September 15, 2014. (Dkt. # 14.) Defendants filed their Objections and Motion to Set Aside Entry of Default within the additional time granted by the Court. These facts are well within those of Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114 (5th Cir. 2008), in which the court found that obtaining local counsel and filing for relief within a month, in addition to defendant's immediate search for local counsel, "cut in favor" of granting the defendant relief from a default judgment. Id. at 122.

In sum, four of the five factors considered here weigh in favor of granting Defendants relief by setting aside the entry of default judgment. The

---

thousand dollars" "likely significant" to a solo practitioner dentist). It is also worth noting that the Bureau of Labor Statistics' inflation calculator puts the value of the $250,000 found significant in the 1981 Seven Elves decision at nearly $650,000 in 2014.

Court therefore finds good cause to set aside the Clerk's Entry of Default (Dkt. # 5) under Fed. R. Civ. P. 55(c).

The Court recognizes that Plaintiff has incurred costs and attorney's fees in responding to Defendants' Motion to Set Aside Clerk's Entry of Default and their Objections to Magistrate's Memorandum and Recommendation. Because these expenses were made necessary by Defendants' failure to timely respond to this litigation, the Court orders that Defendants pay Plaintiff's reasonable costs and attorney's fees incurred in responding to Defendants' filings and appearing at the December 22, 2014 hearing.

II.  Magistrate Judge's Memorandum and Recommendation in Favor of Granting Default Judgment

Magistrate Judge Primomo issued a Memorandum and Recommendation on August 27, 2014 recommending that Plaintiff's Motion for Default Judgment be granted as to liability and granted in part as to damages. (Dkt. # 10 at 1.) Because the Court has ruled that the entry of default should be set aside, the Memorandum and Recommendation is vacated as moot, and Plaintiff's Motion for Default Judgment is denied.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Aside Clerk's Entry of Default (Dkt. # 18) is **GRANTED**, the Magistrate Judge's Memorandum

and Recommendation (Dkt. # 10) is **VACATED AS MOOT**, and Plaintiff's Motion for Default Judgment (Dkt. # 6) is **DENIED**.

Defendants are **ORDERED** to pay Plaintiff's reasonable costs and attorney's fees incurred in responding to Defendant's Motion to Set Aside Clerk's Entry of Default and Objections to Magistrate Judge's Memorandum and Recommendation.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, December 22, 2014.

_____
David Alan Ezra
Senior United States Distict Judge